# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
01/24/2020
CT Log Number 537054299

**TO:** Chris Dzbanski
FORD MOTOR COMPANY
1 American Rd Whq 421-E6
Dearborn, MI 48126-2701

**RE:** **Process Served in California**

**FOR:** Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hector Morales De La Cruz, etc., Pltf. vs. Ford Motor Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30202001125801CUBCCJC |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2014 Ford Focus, VIN: 1FADP3K23EL337609 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/24/2020 at 12:58 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Guy Mizrahi<br>Journey Law Group, Inc.<br>1762 Westwood Blvd., Suite 260<br>Los Angeles, CA 90024<br>424-206-4303 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/24/2020, Expected Purge Date: 01/29/2020<br><br>Image SOP<br><br>Email Notification,  Chris Dzbanski  cdzbansk@ford.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically Filed by Superior Court of California, County of Orange, 01/21/2020 12:03:50 PM.
30-2020-01125801-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HECTOR MORALES DE LA CRUZ, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Orange Central Justice Center, 700 Civic Center Drive, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* 30-2020-01125801-CU-BC-CJC  Judge Theodore Howard |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Journey Law Group, Inc., 1762 Westwood Blvd., Suite 260 Los Angeles, CA 90024; (424) 206-4303

| DATE: *(Fecha)* 01/21/2020 | David H. Yamasaki, Clerk of the Court | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* Briana Brown |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FORD MOTOR COMPANY

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 1-24-20

[SEAL]

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

Page 1 of 1

Electronically Filed by Superior Court of California, County of Orange, 01/21/2020 12:03:50 PM.
30-2020-01125801-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

JOURNEY LAW GROUP, INC.
Guy Mizrahi, Esq. (SBN 220930)
Arya Malek, Esq. (SBN 325782)
1762 Westwood Blvd., Suite 260
Los Angeles, CA 90024
Telephone: 424.206.4303
Facsimile: 424.220.7388

Attorneys for Plaintiff, HECTOR MORALES DE LA CRUZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| HECTOR MORALES DE LA CRUZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 30-2020-01125801-CU-BC-CJC<br><br>Hon. Judge Theodore Howard<br>Dept.<br><br>**COMPLAINT**<br><br>1. **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF EXPRESS WARRANTY;**<br><br>2. **SONG-BEVERLY CONSUMER WARRANTY ACT – BREACH OF IMPLIED WARRANTY;**<br><br>3. **SONG-BEVERLY CONSUMER WARRANTY ACT – CIVIL CODE §1793.2(b)** |

Plaintiff, HECTOR MORALES DE LA CRUZ, alleges as follows against Defendants FORD MOTOR COMPANY and Does 1 through 20 inclusive, on information and belief formed after an inquiry reasonable under the circumstances:

///

///

///

-1-
**COMPLAINT**

## GENERAL ALLEGATIONS

1.     Plaintiff HECTOR MORALES DE LA CRUZ is an individual residing in the County of Orange, State of California.

2.     Defendant, FORD MOTOR COMPANY ("Manufacturer"), is a Delaware Corporation doing business in the County of Orange, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Ford motor vehicles and related equipment.

3.     This action arises out of warranty obligations of FORD MOTOR COMPANY for a vehicle purchased by the Plaintiff and for which FORD MOTOR COMPANY, issued a written warranty.

4.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 20, inclusive, under the provisions of section 474 of the Code of Civil Procedure., Defendants Does 1 through 20, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

5.     All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

6.     Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), co-conspirator, or employee of each other Defendant and in acting as such principal or within the course and scope of such employment, agency, or conspiracy, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

7.     On or about July 04, 2017, Plaintiff purchased a used 2014 Ford Focus, vehicle identification number 1FADP3K23EL337609 ("Vehicle").  Express warranties accompanied the purchase of the Vehicle to Plaintiff by which FORD MOTOR COMPANY, undertook to preserve or

1   maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a

2   failure in such utility or performance.

3        8.        The Vehicle was delivered to Plaintiff with serious defects and nonconformities to

4   warranty and developed other serious defects and nonconformities to warranty including, but not

5   limited to the transmission, transmission and related systems, transmission control module,

6   transmission shuddering, transmission fault message, vehicle jerking, upon acceleration vehicle

7   shudders, clutch, engine, engine and related systems, oil leaks bottom of engine, check engine light

8   illuminated, EVAP purge valve, engine having a lot of movement, engine supports, vibration at idle,

9   and others.

10                          **FIRST CAUSE OF ACTION**

11              **Violation of the Song-Beverly Consumer Warranty Act –**

12                          **Breach of Express Warranty**

13       9.        Plaintiff incorporates by reference each and every allegation set forth in the

14  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

15       10.       Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly"),

16  Civil Code §1790 *et seq.*, the Vehicle constitutes "consumer goods" used primarily for family or

17  household purposes and Plaintiff has used the Vehicle primarily for those purposes.

18       11.       Plaintiff is a "buyer" of consumer goods under Song-Beverly.

19       12.       Defendant FORD MOTOR COMPANY is a "manufacturer" or "distributor" under

20  Song-Beverly.

21       13.       The foregoing defects and nonconformities to warranty manifested themselves within

22  the applicable express warranty period. The nonconformities substantially impair the use, value

23  and/or safety of the Vehicle.

24       14.       Plaintiff delivered the Vehicle to Manufacturer's authorized repair facilities for repair

25  of the nonconformities.

26       15.       Defendant wrongfully denied warranty coverage for certain nonconformities.

27       16.       Defendant was unable to conform Plaintiff's Vehicle to the applicable express

28  warranties after a reasonable number of attempts.

17.    Defendant was unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable amount of time as set forth in Song-Beverly, including but not limited to Civil Code § 1793.2(b).

18.    Notwithstanding Plaintiff's entitlement, Defendant has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

19.    By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under Song-Beverly.

20.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

21.    Under Song-Beverly, Plaintiff is entitled to reimbursement of the price paid for the Vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

22.    Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under Song-Beverly.

23.    Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

24.    Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act –

### Breach of Implied Warranty

25.    Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

-4-

26.    Defendants had reason to know the purpose of the subject vehicle at the time of sale of the subject vehicle. The sale of the subject vehicle was accompanied by an implied warranty of fitness.

27.    The sale of the subject vehicle was accompanied by an implied warranty that the subject vehicle was merchantable pursuant to Civil Code section 1792.

28.    The subject vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with the defective parts and systems as set forth herein.

29.    The subject vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with the defective parts and systems as set forth herein.

30.    The subject vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with the defective parts and systems as set forth herein.

31.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

32.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

33.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

34.    Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

35.    Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

36.    Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

///

///

///

///

**COMPLAINT**

# THIRD CAUSE OF ACTION

## Violation of the Song-Beverly Consumer Warranty Act –

## Civil Code §1793.2(b)

37.    Plaintiff incorporates by reference each and every allegation set forth in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

38.    Pursuant to Civil Code section 1793.2(a), a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorized independent service and repair facilities to carry out the terms of those warranties.

39.    Civil Code section 1793.2(b) states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

40.    The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts and systems including the defective parts and systems alleged herein.

41.    Plaintiff delivered the subject vehicle to Defendant's authorized repair facilities on multiple occasions. The subject vehicle was delivered for repairs of the defects alleged herein which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

42.    Since delivery of the subject vehicle to Defendant's authorized repair facilities, over thirty days have past and Defendant has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

43.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised the right to cancel the purchase. By serving this Complaint, Plaintiff does so again.

44.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794 *et seq.*

45.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794 *et seq.* and Commercial Code section 2711.

46.    Plaintiff is entitled to any "cover" damages under Commercial Code sections 2711, 2712 and Civil Code section 1794 *et seq.*

47.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq.* and Commercial Code sections 2711, 2712 and 2713 *et seq.*

48.     Plaintiff is entitled under Song-Beverly to recover as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

49.     Plaintiff is entitled, in addition to the amounts recovered, to a civil penalty of up to two times the amount of actual damages in that Defendants have willfully failed to comply with their responsibilities under Song-Beverly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.     For general, special and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For diminution in value;

4.     For incidental and consequential damages according to proof at trial;

5.     For a civil penalty in the amount of two times Plaintiff's actual damages;

6.     For pre-judgment interest at the legal rate;

7.     For reasonable attorneys' fees and costs of suit;

8.     For such other and further relief as the Court deems just and proper under the circumstances.

///
///
///
///
///
///
///
////

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3

4

Date:   January 20, 2020

JOURNEY LAW GROUP, INC.

5

6

7

By: _____

8

Guy Mizrahi, Esq.
Arya Malek, Esq.
Attorneys for Plaintiff,
HECTOR MORALES DE LA CRUZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-
**COMPLAINT**

Electronically Filed by Superior Court of California, County of Orange, 01/21/2020 12:03:50 PM.
30-2020-01125801-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Journey Law Group, Inc. <br> Guy Mizrahi, Esq. (SBN 220930) <br> Arya Malek, Esq. (SBN 325782) <br> 1762 Westwood Blvd. Suite 260, Los Angeles, CA 90024 <br> TELEPHONE NO.: (424) 206-4303    FAX NO.: <br> ATTORNEY FOR (Name): Plaintiff, Hector Morales De La Cruz | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
De La Cruz v. Ford Motor Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01125801-CU-BC-CJC |
|---|---|---|
| [✓] Unlimited   [ ] Limited <br> (Amount    (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Theodore Howard <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 20, 2020

Guy Mizrahi, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

1 | BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
2 | Marion V. Mauch (SBN: 253672)
Theodore Dorenkamp III (SBN: 277004)
3 | Garrett B. Stanton (SBN: 324775)
970 West 190th Street, Suite 700
4 | Torrance, California 90502
Tel No.:   310/ 768-3068
5 | Fax No.:   310/ 719-1019

6 | Attorneys for Defendant
FORD MOTOR COMPANY

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ORANGE**

10

11 | HECTOR MORALES DE LA CRUZ,　　) **CASE NO.:  30-2020-01125801-CU-BC-CJC**

12 | 　　　　　　Plaintiff,　　)

13 | 　vs.　　) **FORD MOTOR COMPANY'S ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES**

14 | FORD MOTOR COMPANY, a
Delaware Corporation; and DOES 1　) Action Filed:  January 21, 2020

15 | through 20, inclusive.　　) Trial:　　　None

16 | 　　　　　Defendants.　　)

17

18

19 | 　　Defendant FORD MOTOR COMPANY ("Ford"), for itself alone and for no other

20 | parties, hereby answers Plaintiff Hector Morales De La Cruz's ("Plaintiff") Complaint

21 | ("Complaint") as follows:

22 | 　　Under the provisions of section 431.30(d) of the Code of Civil Procedure, Ford

23 | denies each and every allegation, both specifically and generally, of each cause of

24 | action contained in Plaintiff's Complaint on file herein and the whole thereof, and denies

25 | that Plaintiff was damaged in any sum or sums, or at all.

26 | 　　Further answering the Complaint, and the whole thereof, including each and

27 | every cause of action contained therein, Ford denies that Plaintiff has or will sustain any

28 | injury, damage or loss, if any, by reason of any act or omission, fault or negligence on

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

the part of Ford, its agents, servants and employees, or any of them.

## SEPARATE AFFIRMATIVE DEFENSES

For further and separate answer to the Complaint, and by way of affirmative defense, Ford alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1.      Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Ford and Ford denies that Plaintiff were damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Ford is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations including, but not limited to, limitations contained within Code of Civil Procedure sections 335.1, 337, 338, 338.1, and 340; Civil Code sections 1783 and 1791.1; and/or Commercial Code section 2725.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.      Plaintiff is estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      Plaintiff has waived his rights to the claims, causes of action and relief sought in this Complaint against Ford, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.      Plaintiff has unreasonably delayed the commencement of this action to the

1   prejudice of Ford.   Therefore, the Complaint, and each and every cause of action

2   alleged therein is barred, in whole or in part, by the doctrine of laches.

3                          **SIXTH AFFIRMATIVE DEFENSE**

4                          **(Vehicle Fit for Intended Purpose)**

5        6.     Ford is informed and believes, and on that basis alleges, that the subject

6   vehicle was fit for providing transportation at all relevant times hereto.   Accordingly,

7   Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.

8   *American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.

9                         **SEVENTH AFFIRMATIVE DEFENSE**

10                   **(Duration of Implied Warranty – Used Vehicle)**

11       7.     Ford is informed and believes, and on that basis alleges, that some or all

12   of the alleged defects did not arise until more than three months had elapsed since the

13   subject vehicle was sold to Plaintiff.   Accordingly, Plaintiff is not entitled to relief for such

14   concerns under the breach of the implied warranty of merchantability.   (Civil Code §

15   1795.5(c).)

16                         **EIGHTH AFFIRMATIVE DEFENSE**

17                   **(Lack of Maintenance and Other Exclusions)**

18       8.     Ford is informed and believes, and on that basis alleges, that Plaintiff

19   and/or others may have improperly cared for and maintained the subject vehicle, and

20   that some of Plaintiff's concerns may have been proximately caused by such lack of

21   maintenance of the subject vehicle or products.   Ford reserves the right to identify

22   additional exclusions which may be applicable.

23                         **NINTH AFFIRMATIVE DEFENSE**

24                   **(Unreasonable or Unauthorized Use of Vehicle)**

25       9.     Ford is informed and believes, and on that basis alleges, that some of

26   Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the

27   vehicle.   (Civil Code § 1794.3.)

28   / / /

## TENTH AFFIRMATIVE DEFENSE

### (No Timely Revocation of Acceptance)

10.     Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Reasonable Number of Attempts to Repair Afforded)

11.     The Complaint and, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

## TWELFTH AFFIRMATIVE DEFENSE

### (Performance)

12.     Prior to the commencement of this action, Ford fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on its behalf and this action is therefore barred by the provisions of Civil Code section 1473.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Abide by Terms of Warranty)

13.     Claims by Plaintiff of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Use Third-Party Dispute Resolution)

14.     Ford makes available a qualified third-party dispute resolution process, and therefore, it is entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

15.     Plaintiff is barred from recovery, in whole or in part, on the ground that the

1  claims are subject to the defense of accord and satisfaction.

2  ## SIXTEENTH AFFIRMATIVE DEFENSE

3  ### (Good Faith Evaluation)

4      16.    At all times, Ford's evaluation of Plaintiff's repurchase request has been in

5  good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful

6  violation.

7  ## SEVENTEENTH AFFIRMATIVE DEFENSE

8  ### (Failure to Notify)

9      17.    Ford is informed and believes, and on that basis alleges, that Plaintiff

10  failed to provide timely notice, within a reasonable period of time after discovery of his

11  claims and alleged defects.  As a result, Ford has been damaged and prejudiced.

12  Therefore, the Complaint and each cause of action therein, are barred as a matter of

13  law.

14  ## EIGHTEENTH AFFIRMATIVE DEFENSE

15  ### (Complete Performance)

16      18.    Ford has appropriately, completely and fully performed and discharged

17  any and all obligations and legal duties arising out of the matters alleged in the

18  Complaint.

19  ## NINETEENTH AFFIRMATIVE DEFENSE

20  ### (Compliance with Laws)

21      19.    Ford has complied with all laws and regulations with regard to the subject

22  matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages he

23  may have sustained, if any.

24  ## TWENTIETH AFFIRMATIVE DEFENSE

25  ### (Good Faith)

26      20.    At all times relevant and material to this action, Ford acted reasonably and

27  in good faith.

28  / / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Independent Causes)

21.    The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Ford, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Ford.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Inspect)

22.    Ford alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Ford, to properly inspect the subject vehicle or components, thereby eliminating or reducing the alleged liability of Ford.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Maintain)

23.    Ford alleges that any and all conditions in the subject vehicle or products described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Ford.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Breach)

24.    Ford alleges that it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Affirmative Conduct)

25.    Ford alleges that there was no affirmative conduct on the part of Ford, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Ford.

/ / /

/ / /

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

26.     Ford alleges that the negligence and other legal fault alleged in the Complaint as against Ford, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Excessive/Speculative Damages)

27.     Ford alleges that the damages allegedly sustained by Plaintiff, if any, were excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

28.     If Plaintiff have suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Plaintiff's conduct and/or his potential failure to mitigate any such loss, damage or injury.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Disclaimer of Incidental and Consequential Damages)

29.     Ford is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle at issue, Ford is not liable for incidental or consequential damages.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Civil Penalty)

30.     Ford is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to Civil Code section 1794(e)(3).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Set Off)

31.     Ford alleges that if it is established that Ford is in any manner legally

responsible for any of the damages claimed by Plaintiff, which is denied, Ford is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

32.    The subject vehicle or products identified in the Complaint that were allegedly designed, manufactured and distributed by Ford are missing, have been modified or altered and/or are no longer available for Ford's inspection, which impacts Ford's defense in this case.  Ford is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Opt Out of Class Action)

33.    Ford is informed and believes, and on that basis alleges, that Plaintiff failed to opt out of the *Omar Vargas v. Ford Motor Company* class action, United States District Court, Central District of California, Case No. 2:12-cv-8388-AB-FFM ("*Vargas* class action").  Ford is further informed and believes, and on that basis alleges, that Plaintiff was a class member, or putative class member, covered by the scope of the class definition, and thus, by Plaintiff's failure to timely and properly opt out of said class action, Plaintiff's claims, prayer for damages or causes of action alleged in Plaintiff's Complaint are expressly bared by the terms of the *Vargas* class action settlement.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Venue; Arbitration Agreement)

34.    Ford is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

/ / /

/ / /

1

2

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Civil Code Section 1793.2(b))

35.     Ford is informed and believes, and on that basis alleges, to the extent Plaintiff alleges that Ford's authorized repair facilities took more than 30 days to commence or perform repairs, conditions beyond the manufacturer's control were responsible for any such delay.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

36.     Plaintiff's causes of action have not accrued because Plaintiff cannot establish that he suffered injury directly from the subject vehicle or any of its component parts, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

37.     Ford reserves its rights to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

## PRAYER

WHEREFORE, Ford prays for the following relief:

1.     That Plaintiff take nothing by reason of his Complaint, and that this action be dismissed in its entirety with prejudice;

2.     That judgment be entered in favor of Ford, on all causes of action;

3.     That Ford recover its costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and,

/ / /

1        4.    That Ford be awarded such other and further relief as the Court may

2    deem just and proper.

3    DATED:  February 21, 2020        BOWMAN AND BROOKE LLP

4

5                By:  _____

6                      Brian Takahashi
                       Marion V. Mauch

7                      Theodore Dorenkamp III
                       Garrett B. Stanton

8                      Attorneys for Defendant,
                       FORD MOTOR COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE
*CCP 1013A(3)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502-1091.

On February 21, 2020, I served the foregoing document described as **FORD MOTOR COMPANY'S ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES** on all interested parties in this action by placing ( ) the original (**X**) true copy(ies) thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

(**X**)    **BY MAIL (CCP §1013(a) and §2015.5):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

( )    **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

( )    **BY FACSIMILE (CRC 2.306 and §2015.5):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service/mailing list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g), and no error was reported by the machine. Pursuant to CRC, Rule 2.306(g), I caused the facsimile machine to print a transmission(s) record, a true and correct copy of which is attached hereto.

( )    **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

Executed on February 21, 2020, at Torrance, California.

(**X**) (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Carolyn Orphey

## SERVICE/MAILING LIST

### Hector Morales De La Cruz v. Ford Motor Company
Orange County Superior Court Case No: 30-2020-01125801-CU-BC-CJC

Guy Mizrahi, Esq.
Arya Malek, Esq.
JOURNEY LAW GROUP, INC.
1762 Westwood Boulevard, Suite 260
Los Angeles, California 90024

**Attorneys for Plaintiff**

Tel:       424/ 206-4303
Fax:      424/ 220-7388
Email:   guy@journeylawgroup.com
           amalek@journeylawgroup.com

21982290v1